IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| Jesus Trevino, individually and on behalf of all others similarly situated, <br>    Plaintiff, <br><br> v. <br><br> Scott & Associates, P.C., a Texas Professional Corporation, and John and Jane Does 1-10 <br>    Defendants. | § § § § § § § § § § § § <br><br> Civil Case No. 7:20-cv-00059 |

**DEFENDANT SCOTT & ASSOCIATES, P.C.'S**
**MOTION TO INTERPLEAD FUNDS INTO THE COURT'S REGISTRY**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant Scott & Associates, PC ("Defendant"), and, pursuant to Federal Rule of Civil Procedure 67, file this Motion for Leave to Interplead Funds into the Court's Registry, and will show onto this Court as follows:

### INTRODUCTION

1. Plaintiff filed suit against Defendant on March 4, 2020. Doc. 1. Plaintiff's Complaint alleges violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and the Texas Debt Collection Act, Tex. Fin. Code § 392 *et seq*. *Id.*

2. Defendant now moves to interplead $20,000.00 into the Court's registry in accordance with Federal Rule of Civil Procedure 67. This Motion is being filed contemporaneously with the service of an Offer of Judgment in the amount of $10,000.00 plus reasonable attorney's fees and costs that will be served on Plaintiff on the same date as of the filing of this instant Motion.

### ARGUMENTS AND AUTHORITIES

3. Rule 67 of the Federal Rules of Civil Procedure state that "[i]f any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a

party—on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it." Fed. R. Civ. P. 67(a). Rule 67 works in conjuncture with 28 U.S.C. §§ 2041-43, which dictate how the money is handled and withdrawn. Generally, the purpose of Rule 67 is to relieve the depositor of responsibility for a disputed fund while the parties litigate its ownership. *Gulf States Utilities Co. v. Alabama Power Co.*, 824 F.2d 1465, 1474 (5th Cir.), *amended*, 831 F.2d 557 (5th Cir. 1987); *Engineered Med. Sys., Inc. v. Despotis*, 2006 WL 1005024, at *2 (S.D. Ind. Apr. 14, 2006) (allowing plaintiff to deposit royalty payments with the court during dispute about a patent licensing agreement); 12 Charles Alan Wright & Arthur R. Miller, § 2991 (2d ed. 1997) ("The purpose of the deposit is to relieve the depositor of responsibility for a fund in dispute."). Overall, a Court has broad discretion in determining whether to grant a Rule 67 motion. *See Maher Eng'g Co. v. Screwmatics of S. Carolina, Inc.*, 2014 WL 4979167, at *1 (N.D. Ill. Oct. 6, 2014).

4.  While in *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 672, 193 L. Ed. 2d 571 (2016), *as revised* (Feb. 9, 2016), the United States Supreme Court determined that a defendant's unaccepted settlement offer did not moot a plaintiff's cause of action, it expressly left open the question of whether a district court had authority to enter a judgment for plaintiff and dismiss the action, once the full amount in controversy is actually paid. *Id*. at 672 ("We need not, and do not, now decide whether the result would be different if a defendant deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and then the court enters judgment for the plaintiff in the full amount."). Therefore, to ensure that the Offer of Judgment and any subsequently served offer of judgments are given the full force and effect of Rule 68, Defendant seeks leave to interplead the money with the Court pending the outcome of the Offer of Judgment.

5.  If leave is granted, Defendant will deliver a certified check to the Clerk of the Court within fourteen (14) days. Defendant will promptly notify Plaintiff and the Court that the funds have been delivered to the Clerk of the Court. Further, Defendant will promptly notify the Court if Plaintiff accepts or declines the Offer of Judgment and will promptly file the appropriate motion to address any funds that were interpleaded into the registry of the Court.

## CONCLUSION

6.  Defendant requests that this Court grant leave for Defendant to interplead the $20,000.00 into the Court's registry so that Defendant's Offer of Judgment might be given full effect under Rule 68.

WHEREFORE, PREMISES CONSIDERED, Defendant Scott & Associates, PC, respectfully requests that this Court grant this Motion for Leave to Interplead Funds into Court's Registry and requests that this Court allow Defendant to deposit the $20,000.00 into the Court's registry.

[SIGNATURE BLOCK ON NEXT PAGE]

Respectfully submitted,

**MALONE FROST MARTIN PLLC**

*/s/* Robbie Malone
ROBBIE MALONE
Texas State Bar No. 12876450
Email: rmalone@mamlaw.com
EUGENE XERXES MARTIN, IV
Texas State Bar No. 24078928
Email: xmartin@mamlaw.com
JACOB MICHAEL BACH
Texas State Bar No. 24100919
Email: jbach@mamlaw.com
**MALONE FROST MARTIN PLLC**
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
TEL: (214) 346-2630
FAX: (214) 346-2631

***COUNSEL FOR DEFENDANT
SCOTT & ASSOCIATES, P.C.***

## CERTIFICATE OF SERVICE

I certify that this document was served on all counsel of record via ECF/PACER on June 26, 2020.

*/s/* Robbie Malone
ROBBIE MALONE