UNITED STATES DISTRICT COURT

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### MCALLEN DIVISION

| | | |
|---|---|---|
| JESUS TREVINO, individually and on behalf of all others similarly situated, | § § § | |
| Plaintiff, | § § | |
| *vs.* | § § | Civil Action No. 7:20-cv-00059 |
| SCOTT & ASSOCIATES, P.C., a Texas Professional Corporation; and JOHN AND JANES DOES 1-10, | § § § § | |
| Defendants. | § | |

---

## PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION

---

**TO THE CLERK OF THIS COURT AND TO ALL PARTIES OF RECORD:**

Plaintiff, Jesus Trevino, respectfully requests an Order determining that this lawsuit may proceed as a class action against Defendant, Scott & Associates, P.C. ("SCOTT"), under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure. Plaintiff asserts claims against SCOTT under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.,* and the Texas Debt Collection Act, Tex. Fin. Code § 392, et seq. ("TDCA").

Plaintiff seeks to certify a class pursuant to Fed. R. Civ. P. 23, defined as follows:

> All natural persons to whom Scott & Associates, P.C. mailed a written communication in the form of ***Exhibit A*** to the Complaint to an address in the State of Texas between March 4, 2019 and March 25, 2020.

Plaintiff further requests the Court appoint him to represent the putative class members, and that his attorneys, Stern•Thomasson LLP, be appointed counsel for the class.

In support of this motion, Plaintiff respectfully states:

## I.  NATURE OF THE CASE

1.      SCOTT mailed, or caused to be mailed, a collection letter dated March 14, 2019 (the "Letter") and which sought to collect an alleged debt ("Debt") owed to Capital One Bank (USA), N.A. ("Capital One"). [Doc. 1, Exh. A; Doc. 6, ¶¶22, 24.]

2.      The Letter is a template letter that SCOTT uses to collect debts from Texas residents. [*Busby Decl.* at ¶11, Exh. 1, (at Responses to Request for Admission Nos. 10-14.]

3.      The Letter made multiple settlement offers, including offers that encouraged Plaintiff to make a lump sum payment, or make a down payment and subsequent monthly payments. [Doc. 1, Exh. A; Doc. 6, ¶27.]

4.      The Letter additionally offered a one-time take-it-or-leave-it settlement, stating in relevant part:

TAX TIME SETTLEMENT OFFER

Dear Trevino Jesus [sic],

***Are you expecting a tax refund?*** We are offering **SPECIAL TAX TIME AUTHORITY ON YOUR ACCOUNT**; but for a limited time only!

**.** . .

PLEASE DO NOT IGNORE THIS MATTER! This offer is good for 45 days.

[*Id.*] (emphasis in original.)

5.      At the bottom of the Letter, following SCOTT's signature, the Letter contained the following statement: "*Please consult your financial advisor, as forgiveness of debt may require the filing of a 1099C."* [*Id.*] (emphasis in original.)

6.      Plaintiff alleges that SCOTT and the creditor, Capital One, were willing to extent the offer beyond the 45 day deadline and would have been willing to settle the debt at any time for less than the amount of the settlement offers. [Doc. 1, ¶¶28-30.]

7.     Plaintiff further alleges that SCOTT's warning to "*[p]lease consult your financial advisor, as forgiveness of debt may require the filing of a 1099C"* was false, deceptive, and misleading because includes impossible outcomes – Capital One would never files IRS Form 1099C when the "stated principal" portion of the amount of debt forgiven by a settlement is less than $600. [Doc. 1, ¶¶40-54.]

8.     The Letter was, therefore, materially false, deceptive, and misleading to the unsophisticated consumer as a person with limited financial resources would, based on the Letter, choose to pay the debt over an otherwise identical debt in which the collection letter did not (a) falsely imply that a settlement offer was a one-time take-it-or-leave-it-offer or (b) misleading unsophisticated consumers into believing that non-existent tax consequences would result from settling their debt.

## II.  CLASS CERTIFICATION REQUIREMENTS

9.     All requirements for a class action under Fed. R. Civ. P. 23 have been met.

10.     The class is so numerous that joinder of all members is impractical. SCOTT's records indicate that there are 518 persons in the class. [*Busby Decl.* ¶11, Exh. 1 (at Response to Interrogatory Nos. 4 and 12).]

11.     There are also questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members including:

(a)     Whether SCOTT has a practice of sending template letters in the form of ***Exhibits A*** to the Complaint; and

(b)     Whether such practice violates the FDCPA or the TDCA.

12.     The only individual issue is the identification of class members, which is a ministerial task SCOTT has indicated it is capable performing. [*Id.* ¶11, Exh. 1 (at Responses to Interrogatory Nos. 4, 12, and 13).]

13.     Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in litigating class actions and complex consumer claims and they have no interests in conflict with the members of the class. [*Id.* at ¶¶ 2-7 and 9.] Plaintiff's counsel has sufficient resources to ensure the vigorous prosecution of this action to a conclusion which is in class members' best interests. [*Busby Decl.* at ¶9]. Plaintiff's claims are identical to those of the members of the class—the claims are based on the same factual predicate (SCOTT's sending of the template collection letter) and the same legal theories (the Letters' violations of the FDCPA and the TDCA).

14.     A class action is appropriate for the fair and efficient adjudication of the class members' claims. Individual actions are not economically feasible. Members of the class are likely to be unaware of their rights, or that SCOTT has violated those rights, entitling class members to recover damages.

15.     In further support of this motion, Plaintiff relies upon the Declaration of Katelyn B. Busby, the accompanying Brief, the pleadings and other documents on file with the Court, and any oral argument the Court may consider.

**WHEREFORE**, Plaintiff respectfully requests the Court enter an order determining that this lawsuit may proceed as a class action under Fed. R. Civ. P. 23(a) and 23(b)(3).

Respectfully submitted,

_s/ Katelyn B. Busby_

Dated: June 26, 2020

Katelyn B. Busby
   AR Bar No. 2014133; SDTX No. 3466595
Andrew T. Thomasson, Attorney-in-Charge
   NJ Bar No. 048362011; SDTX No. 2347873
STERN•THOMASSON LLP
150 Morris Avenue, 2nd Floor
Springfield, NJ 07081-1315
Telephone: (973) 548-0122
E-Mail: katelyn@sternthomasson.com
E-Mail: andrew@sternthomasson.com

Joseph A. George
   TX Bar No. 24082319; SDTX No. 3158394
THE LAW OFFICE OF JOSEPH A. GEORGE, PLLC
P.O. Box 147
Olmito, TX 78575
Telephone: (210) 410-3689
E-Mail: joseph@josephageorge.com

_Attorneys for Jesus Trevino_